UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Case No.: 3-10-bk-05199-PMG

SHOPPES OF LAKESIDE, INC.  Chapter 11

Debtor.

## DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY

SHOPPES OF LAKESIDE, INC., a Florida corporation (the "Debtor" or "Lakeside"), pursuant to Administrative Order Jax 2009-1, hereby files this Chapter 11 Case Management Summary (the "Summary"). In support of this Summary, the Debtor would show:

### INTRODUCTION

The Debtor filed its petition for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on June 15, 2010 (the "Petition Date"). An order for relief was entered, and pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor retained possession of its property, its assets, and is duly authorized as debtor-in-possession to continue the operation and management of its business. No trustee or examiner has been appointed in this bankruptcy case. A committee of unsecured creditors has not been appointed.

### CASE MANAGEMENT ITEMS

I. **Description of the Debtor's Business**

Lakeside was incorporated in 1993. In 2010, several entities owned by the same principals were merged into Lakeside to form the current configuration of the business. All merged entities are listed on the Statement of Financial Affairs #18 filed in this case. Lakeside's business operations after the merger consist of 55 commercial buildings and vacant lots located in Duval County, FL. The commercial buildings are rented to various tenants, with several of the buildings being vacant and a drain on the cash flow of the Debtor. In 2008 and 2009 the Debtor modified several of the commercial loans to obtain better financing terms and improve cash flow. However, rising vacancies and the inability to either sell or develop several properties ultimately caused an inability to maintain financial obligations by the Debtor. Prior to the filing of the Chapter 11, several lenders had instituted or threatened foreclosure action against the units. A search of the Florida UCC registry reveals the following entities alleging a security interest in the Debtor's Property:

| Entity | Collateral Encumbered | Date of First Filing |
|---|---|---|
| The Jacksonville Bank (filed against 300 W. Adams Street, LLC) | 300 W. Adams and all machinery, fixtures, rents, etc. | 5/25/2006 |

| | | |
|---|---|---|
| Bisbee Baldwin Corp.<br>(filed against 300 W. Adams St., LLC) | 300 W. Adams and all machinery, fixtures, rents, etc. | 5/23/2006 |
| Capital South Bank<br>(filed against 233 W. Duval St., LLC) | 233 W. Duval and all machinery, fixtures, rents, etc. | 3/24/2009 |
| First National Bank<br>(filed against Protokore, Inc.) | 107 E. Bay St. and all machinery, fixtures, rents, etc. | 5/28/2004 |
| South Trust Bank<br>(filed against Our Historic Properties, Inc.) | 231 E. Adams and all machinery, fixtures, rents, etc. | 8/26/2004 |
| First Union National Bank<br>(Filed against Springfield Acquisitions, Inc.) | 1242 Main St. and all machinery, fixtures, rents, etc. | 12/27/2001 |
| Thomas Baker<br>(Filed against 1229 Main St., Inc.) | 1229 Main St. and all machinery, fixtures, rents, etc. | 3/27/2006 |
| Bisbee Baldwin Mortgage Co.<br>(Filed against 341 W. Forsyth, LLC) | 341 W. Forsyth and all machinery, fixtures, rents, etc. | 9/7/2006 |
| Jacksonville Bank<br>(Filed against 937 Main St., LLC) | 937 Main St. and all machinery, fixtures, rents, etc. | 8/7/2008 |
| Heritage Bank<br>(Filed against OUR Properties, Inc.) | 520 N. Hogan St. and all machinery, fixtures, rents, etc. | 3/8/2010 |
| First National Bank<br>(Filed against OUR Properties, Inc.) | 753 Royal Palms and 751 Atlantic and all machinery, fixtures, rents, etc. | 2/17/2006 |
| Vystar Credit Union<br>(Filed against The Silver Pearl, LLC) | 1351 Silver St. and all machinery, fixtures, rents, etc. | 10/27/2006 |
| Capital South Bank<br>(Filed against 400 N. Hogan St., LLC) | 400 N. Hogan St. and all machinery, fixtures, rents, etc. | 3/24/2009 |
| | | |

## II. <u>Location of Debtors' Operations and Whether Leased or Owned</u>

The Debtor's commercial properties are located in Duval County, FL and are owned by the Debtor.

## III. <u>Reasons for Filing Chapter 11</u>

The Chapter 11 was filed to prevent the property tax sale and foreclosure of mortgages on the commercial properties. In 2008 the Debtor began to fall behind on the property taxes and

mortgage payments to secured lenders due to a combination of rental decline and repairs on the properties. The Debtor continued to attempt to modify terms of the mortgages and to sell and/or develop the commercial properties, but was unable to improve the cash flow of the properties to the point that it could avoid filing the Chapter 11.

**IV.     List of Officers and Directors and Their Salaries and Benefits at Time of Filing and During the One Year Prior to Filing**

Chris Hionides serves as the President, VP, Secretary and Treasurer of the Debtor. He has taken no salary for the past year from the Debtor.

**V.      Debtor's Annual Gross Revenues**

Upon information and belief, the Debtor's gross revenues for the period ended December 31, 2009 were approximately $629, 436.00. 2010 annual revenue for the first quarter was approximately $155,389.00.

**VI.     Amounts Owed to Various Classes of Creditors**

The Debtor's largest creditors are the various lenders listed on Schedule D. Total secured debt owed is approximately $37,600,000.00. The Duval County Tax Collector is owed approximately $700,000.00 for past due property taxes.

The Debtor's unsecured debt is $107,000.00. The Debtor owes a priority claim for indebtedness on account of a sales tax debt to the Department of Revenue in the approximate amount of $4,000.00.

**VII.    General Description and Approximate Value of the Debtor's Current and Fixed Assets**

The Debtor's assets consist primarily of the 55 commercial buildings, vacant lots and the fixtures therein. The Debtor believes the real property and fixtures are worth approximately $40,000,000.00.

**VIII.   Number of Employees and Amount of Wages Owed as of Petition Date**

As of the Petition Date, the Debtor employed no direct employees.

**IX.     Status of Debtor's Payroll and Sales Tax Obligations**

The Debtor does not owe any money for payroll taxes. Sales tax in the amount of approximately $4,000.00 is delinquent and owed at this time.

X. **Anticipated Emergency Relief Within 14 Days of Petition Date**

A Motion to Allow Use of Cash Collateral to be filed shortly after petition date.

Submitted this 18th day of June, 2010

LAW OFFICES OF MICKLER & MICKLER

By: /s/ Bryan K. Mickler
Bryan K. Mickler
Florida Bar No. 091790
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
(904) 725-0855 FAX
bkmickler@planlaw.com
*Counsel for the Debtor*
